UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. 12-cv-01663 NC |
| Plaintiff, | **REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO GRANT MOTION TO REMAND** |
| v. | |
| CATALINA R. CARGADO and others, | Re: Dkt. No. 5 |
| Defendants. | |

Plaintiff Wells Fargo moves to remand this action to state court for lack of subject matter jurisdiction. The motion is unopposed. The court held a hearing on the motion on May 30, 2012, during which defendant Cargado declined to consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). As this court does not have jurisdiction to enter judgment in this action, the court refers the action for reassignment to a district judge. The court recommends that the district judge grant Wells Fargo's motion because the district court lacks subject matter jurisdiction over the action. The court further recommends that the district judge deny Wells Fargo's request for attorneys' fees because Cargado is appearing pro se.

//

# I. BACKGROUND

**A.    Complaint**

Wells Fargo filed a complaint against Catalina Cargado, Joy C. Villaruz, and Roger J. Villaruz in the Superior Court of San Francisco on March 8, 2012.  Compl., Not. of Removal, Dkt. No. 1, Ex. A.  The complaint alleges a single claim for unlawful detainer under California Civil Code § 1161a(b)(3), and states that "the amount demanded does not exceed $10,000."  *Id.*  The complaint also states that Wells Fargo seeks $100 of damages per day from March 5, 2012, until the date of judgment.  *Id.*

**B.    Notice of Removal**

Cargado removed the action on April 3, 2012, arguing that this court has original jurisdiction over the action under 28 U.S.C. §§ 1332 and 1331.  Not. of Removal ¶ 3, Dkt. No. 1.  Cargado claims that the court has diversity jurisdiction over the action because diversity of citizenship exists, as she is a citizen of California and Wells Fargo is not, and because "her damages exceed $75,000," as the value of the property at issue exceeds $75,000.  *Id.* ¶¶ 4-7.  Cargado also claims that this court has federal question jurisdiction over the action under 28 U.S.C. §§ 1334 and 157(b)(2), and the Fourteenth Amendment, arguing that "this matter is a federal question surrounding procedural due process right [sic] . . . in relation to the property rights of Defendant."  *Id.* ¶¶ 8-14.

**C.    Motion for Remand**

Wells Fargo moves to remand this action to state court, arguing that the court lacks subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1332.  Wells Fargo also contends that the action must be remanded because only one of the three defendants seeks removal.  None of the defendants filed an opposition to this motion.

# II. STANDARD OF REVIEW

A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action.  28 U.S.C. § 1441.

A motion to remand under 28 U.S.C. § 1447(c) "is the proper procedure for challenging removal."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28

U.S.C. § 1447(c)).  In determining a motion to remand, the court must construe the removal statute "strictly" and must deny the motion if there is "any doubt about the right of removal." *Id.* "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted).

## III. DISCUSSION

### A. The district court lacks subject matter jurisdiction over this action

The district court does not have original subject matter jurisdiction over this action, because (1) Wells Fargo's claim does not arise out of federal law, and (2) the requirements for removing of an action based on diversity jurisdiction are not met, as Cargado is a citizen of California and the amount in controversy does not exceed $75,000.

#### 1. Wells Fargo's claim does not arise out of federal law

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Under the well-pleaded complaint rule, a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citation and internal quotation marks omitted).  "Federal jurisdiction cannot be predicated on an actual or anticipated defense." *Id.* (citation and internal quotation marks omitted).

Here, the single cause of action in Wells Fargo's complaint is based on California Civil Code § 1161a(b)(3).  Accordingly, the claim does not arise under federal law.  Although Cargado references 28 U.S.C. §§ 1334 and 157(b)(2) and the Fourteenth Amendment in defense to Wells Fargo's claim, that is not enough for the district court to exercise federal question jurisdiction over the action.

#### 2. Cargado is a citizen of California

Federal courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a).  A civil action "removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Here, Cargado, one of the defendants in the case, alleges in the notice of removal that she "is a citizen of California." Not. of Removal ¶ 5. Accordingly, this action may not be removed under 28 U.S.C. § 1441(b)(2).

### 3. The amount in controversy does not exceed $75,000

"[W]here the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than [$75,000], the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (citation and internal quotation marks omitted).

Here, the complaint states that Wells Fargo seeks $100 in damages for each day that defendants continue to possess the property at issue. The complaint also states conclusorily that the amount of damages sought by Wells Fargo "does not exceed $10,000." In the notice of removal, Cargado disputes this amount and claims that the amount of damages exceeds $75,000, as the value of the property at issue exceeds $75,000.

Based on *Sanchez*, Cargado has not met her burden to establish that the amount in controversy exceeds $75,000, because in unlawful detainer actions, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." *Litton Loan Servicing, L.P. v. Villegas*, No. 10-cv-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (reasoning that California courts have held that only the right to possession is involved in unlawful detainer actions and not title to the property) (citing *Evans v. Superior Court*, 136 Cal. Rptr. 596, 601-02 (Cal. Ct. App. 1977)). Because the amount of damages sought in the complaint —$100 per day from March 5, 2012, until defendants relinquish possession— does not exceed $75,000, the district court lacks diversity jurisdiction over the action.

//

Case No. 12-cv-01663 NC
REFERRAL FOR REASSIGNMENT                4
WITH RECOMMENDATION

**B.     The court recommends that Wells Fargo's request for attorneys' fees be denied**

Wells Fargo moves for reimbursement of the attorneys' fees and costs it incurred as a result of the removal of the case to this court, which total $6,870.

When the court grants a motion to remand for lack of subject matter jurisdiction, the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "In determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts accord significant weight to the defendant's lack of representation." *Wells Fargo Bank, N.A. v. Hunt*, No. 10-cv-04965 JCS, 2011 WL 445801, at *5 (N.D. Cal., Feb. 3, 2011) (citations omitted).

Here, Cargado is appearing pro se. Accordingly, the court recommends that the district court decline to order an award of fees and costs under § 1447(c).

## IV. CONCLUSION

Because the district court lacks subject matter jurisdiction over this action, the court recommends that Wells Fargo's motion to remand be granted and that Wells Fargo's request for attorneys' fees be denied.

IT IS SO ORDERED.

Date: June 1, 2012

Nathanael M. Cousins
United States Magistrate Judge